# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-230 (ECT/TNL)[1] |
| Plaintiff, | |
| v. | **ORDER** |
| Saul Llamas Valdovinos (1), and<br>Joel Llamas Garcia (2), | |
| Defendants. | |

This matter comes before the Court on Defendant Saul Llamas Valdovinos's Motion to Continue and Declarations in Support Thereof, ECF No. 53. Defendant Saul Llamas Valdovinos has also filed a personal declaration and a declaration of counsel in support of the motion. ECF Nos. 53-1, 53-2.

### A. Request for Continuance

Defendant Saul Llamas Valdovinos states that although certain discovery has been produced by the Government in this matter, additional discovery is forthcoming, and more time is needed to review discovery and consult with counsel. Defendant Saul Llamas Valdovinos requests a continuance of the motions filing, response, and hearing dates. Defendant Saul Llamas Valdovinos proposes deadlines of December 3 and December 29, 2020, for the motions filing and response dates respectively and a motions hearing date between January 19 and 22, 2021. ECF No. 53-1 ¶ 10; ECF No. 53-2 ¶¶ 10, 12.

---

[1] The parties are reminded that this matter was reassigned to the undersigned and the Honorable Eric C. Tostrud, District Judge for the United States District Court for the District of Minnesota, on October 26, 2020. ECF No. 33. Going forward, the parties are reminded to ensure that the case caption in their filings reflects the reassignment.

1

Additionally, Defendant Saul Llama Valdovinos requests that he be permitted to file a reply to the Government's response. ECF No. 53-2 ¶ 12.

The Government has no objection to the requested continuance. *See generally* ECF No. 57. The Government requests, however, that the arraignment previously set to occur in conjunction with the December 7, 2020 motions hearing remain as scheduled; Defendants Saul Llamas Valdovinos and Joel Llamas Garcia remain on the same schedule; and it have until January 8, 2021, to respond to any motions filed.

### B. Consent to Video Conferencing

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[2] General Order No. 18 was entered on August 27, 2020. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 18 (D. Minn. Aug. 27, 2020).

General Order No. 18 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings

---

[2] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance. This Court is aware and takes note of General Order No. 19, which went into effect on September 26, 2020. This Order extends the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 19 (D. Minn. Sept. 25, 2020). Additionally, this Court is aware and takes note of General Order No. 20, issued November 4, 2020. This Order "updates General Order No. 18 concerning jury trials" and leaves in effect "all other provisions in General Order No. 18." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 20 (D. Minn. Nov. 4, 2020).

will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. General Order No. 18 further provides that, if the defendant declines to consent to proceeding by videoconferencing or telephone conferencing, the matter can be continued until an in-person hearing can be held and time may be excluded under the Speedy Trial Act.

General Order No. 18, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19; (2) the Governor of the State of Minnesota declaring a peacetime emergency to coordinate strategy to protect Minnesotans from COVID-19 and extending the COVID-19 peacetime emergency through September 11, 2020; (3) the Governor of the State of Minnesota issuing Emergency Executive Order 20-74, Continuing to Safely Reopen Minnesota's Economy and Ensure Safe Non-Work Activities during the COVID-19 Peacetime Emergency, which continues to place several restrictions on Minnesota residents; (4) the COVID-19 restrictions imposed by local detention facilities impacting the abilities of pretrial detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (5) the Bureau of Prisons' modified operations affecting inmate movement; and (6) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice. *See also* Gen. Order No. 19. Specifically, General Order No. 18 states the following concerning the Speedy Trial Act:

> Where appropriate, the presiding judge may enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act. The presiding judge may extend deadlines and exclude time under the Speedy Trial Act in cases even when certain proceedings are held using videoconferencing or telephone conferencing to address delays attributable to COVID-19.

The Court has inquired as to whether Defendants Saul Llamas Valdovinos and Joel Llamas Garcia consent to conducting the arraignment and motions hearing using videoconferencing. ECF No. 36. Defendants Saul Llamas Valdovinos and Joel Llamas Garcia have both indicated through counsel that they consent to videoconferencing for these proceedings. ECF Nos. 46, 54, 58. Accordingly, consistent with the health and safety protocols of this Court and the facilities in which Defendants are detained, the arraignment and criminal motions hearing will both be held by videoconference. Counsel will receive login information closer to the date of each proceeding.

### C. Order

Pursuant to 18 U.S.C. § 3161(h), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants Saul Llamas Valdovinos and Joel Llamas Garcia in a speedy trial and such continuance is necessary to provide Defendant Saul Llamas Valdovinos and his counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources. Additionally, for the reasons addressed in General Order Nos. 18 and 19 and the well-documented concerns regarding COVID-19, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the continuance outweigh the best interests of the public and Defendants in a speedy trial. The Court further finds that,

pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Saul Llamas Valdovinos's Motion to Continue and Declarations in Support Thereof, ECF No. 53, is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2. The arraignment of Defendants Saul Llamas Valdovinos and Joel Llamas Garcia previously set for **December 7, 2020, at 9:00 a.m., WILL REMAIN AS SCHEDULED but will occur by Zoom videoconferencing technology**. Login information will be provided to counsel closer to the proceeding.

3. The period of time from **November 16, 2020, through January 20, 2021**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

4. All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **December 3, 2020**. D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Leung.

5. Counsel shall electronically file a letter on or before **December 3, 2020**, if no motions will be filed and there is no need for hearing.

6. All responses to motions shall be filed by **January 8, 2021**. D. Minn. LR 12.1(c)(2).

7. Any Notice of Intent to Call Witnesses shall be filed by **January 8, 2021**. D. Minn. LR. 12.1(c)(3)(A).

8. Any Responsive Notice of Intent to Call Witnesses shall be filed by **January 13, 2021**. D. Minn. LR 12.1(c)(3)(B).

9. Defendant Saul Llamas Valdovinos's request to file a reply is **DENIED WITHOUT PREJUDICE**. Should Defendant Saul Valdovinos wish to file a reply following the filing of the Government's response, he may renew his request at that time, specifically articulating the basis for his request. *See generally* D. Minn. LR 12.1 (outlining criminal discovery and pretrial motion practice in the District of Minnesota).

10. A motions hearing will be held pursuant to Federal Rule of Criminal Procedure 12(c) where:

   a. The Government makes timely disclosures and a Defendant pleads particularized matters for which an evidentiary hearing is necessary; or

   b. Oral argument is requested by either party in its motion, objection or response pleadings.

11. The criminal motions hearing in this matter is continued to **January 20, 2021, at 1:00 p.m., and will occur by Zoom videoconferencing technology**. Login information will be provided to counsel closer to the hearing date.

12. **The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for United States District Judge Eric C. Tostrud to confirm the new trial date.**

Date: November___23___, 2020                    ____*s/ Tony N. Leung*____
                                                Tony N. Leung
                                                United States Magistrate Judge
                                                District of Minnesota


                                                *United States v. Llamas Valdovinos et al.*
                                                Case No. 20-cr-230 (ECT/TNL)